**UNITED STATES of America,**

v.

**Jose Mario GARCIA–MONTALVO, Defendant.**

**94 Cr. 736 (HB).**

United States District Court, S.D. New York.

May 5, 1995.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (Margery B. Feinzig, Asst. U.S. Atty., of counsel), for U.S.

Jerald Levine, Jackson Heights, NY, for defendant Jose Mario Garcia–Montalvo.

## MEMORANDUM OPINION AND ORDER

BAER, District Judge:

Defendant Jose Mario Garcia–Montalvo moved by letter for an order prohibiting the Government from offering at trial evidence of his 1985 conviction for conspiring to possess cocaine with intent to distribute. The defendant is now charged with conspiring to possess with intent to distribute over one hundred kilograms of cocaine found in the dropped ceiling of the Isuzu Trooper he was driving, in violation of 21 U.S.C. § 846. The 1985 conviction in the Central District of California was also for a violation of 21 U.S.C. § 846. At that trial, the Government presented evidence that the defendant was dealing in kilogram quantities of cocaine, and was using automobiles in furtherance of the conspiracy to distribute the cocaine.

In 1985, an informant testified that when the defendant delivered cocaine to him, the defendant removed the cocaine from underneath the glove compartment of the black Cadillac the defendant was driving. The informant also testified that the defendant told him that the defendant had just transported 25 kilograms of cocaine to Canada in a black Cadillac and the defendant would pay the informant to go to Canada to pick up the Cadillac and bring it back to the defendant.

The Government now argues that evidence of the 1985 conviction, including testimony about (1) defendant's giving cocaine to the informant underneath the glove compartment in the defendant's car and (2) the defendant's solicitation of the informant to pick up a car

that defendant had used to transport cocaine to Canada is admissible in the Government's case-in-chief under Rule 404(b) of the Federal Rules of Evidence. Counsel for the defendant has indicated that the defendant may assert the defense, at trial, that he did not know that the Isuzu Trooper contained cocaine. The Government would like to introduce the aforementioned evidence if the defendant asserts such a lack of knowledge defense.

Under the Second Circuit's long-established "inclusionary approach" with regard to "other acts or crimes" evidence, such evidence is admissible to prove matters other than the defendant's propensity to commit the crime for which he or she is standing trial. *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988), *cert. denied*, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989). Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...

Evidence of similar acts is admissible under Rules 404(b) and 403 of the Federal Rules of Evidence if: (1) it is advanced for a proper purpose; (2) it is relevant to the crime for which the defendant is on trial; (3) its probative value is not substantially outweighed by potential unfair prejudice;[1] and (4) if requested, it is admitted with limiting instructions to the jury. *United States v. Ramirez*, 894 F.2d 565, 568–70 (2d Cir.1990), *citing Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988). The District Court has broad discretion and its decision to admit or exclude such evidence will not be reversed on appeal absent a clear abuse of discretion. *United States v. Caputo*, 808 F.2d 963, 968 (2d Cir. 1987).

---

1. The Court of Appeals' statement that to be admissible "the probative value of the similar act evidence must substantially outweigh its potential for unfair prejudice," *Ramirez*, 894 F.2d at 569, appears to have transposed the language of Rule 403 which reads that such "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."

The Government has clearly met three of the four requirements for admissibility under Rules 404(b) and 403. The Government seeks to introduce this evidence for the proper purpose of rebutting a defense of lack of knowledge or intent. The proposed prior crime evidence is relevant to the crime for which the defendant is on trial. In fact, it is remarkably similar. If defendant requests it, I will give appropriate limiting instructions to the jury. This assumes, of course, that defendant claims lack of knowledge as his defense.

■ This motion turns on the remaining factor: Is the probative value of the 1985 conviction substantially outweighed by its potential for unfair prejudice? Defendant asserts that it is. The evidence that the Government seeks to offer—the informant's testimony at defendant's 1985 trial—is no doubt probative of defendant's knowledge that the car he was driving contained cocaine. The Government argues that the evidence "demonstrates that the defendant's conduct in 1984 was similar to the conduct here in that it involved distribution of large quantities of the same drug, cocaine, and [that] the defendant used cars and a secret place in a car to transport the cocaine." This similarity substantially increases the probative value of the evidence. However, while a "prior conviction is material to a defendant's intent (when intent is in issue), ... it is also prejudicial to the extent that it also tends to prove a defendant's propensity to commit crimes." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir.1980). " 'Unfair prejudice' ... means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Note, Fed.R.Evid. 403. Considering all the circumstances I conclude that the evidence is highly probative and that while the danger of unfair prejudice exists, it does not substantially outweigh the probative value. An appropriate limiting instruction will contain the danger that the jury might react emotionally and conclude "once a drug dealer, always a drug dealer."

## CONCLUSION

For the reasons set forth above, defendant's motion is denied. If defendant puts his knowledge of the cocaine in issue, the Government may introduce evidence of his 1985 conviction. The Court will entertain a plea on May 9, 1995. Otherwise, trial will commence the next day, save actual engagement by defendant's counsel in another trial.

**SO ORDERED.**